Frank A. CALHOUN, individually and dba Calhoun Dry-Wall Company, Appellant,

v.

J. W. BERNARD et al., Appellees.

No. 18784.

United States Court of Appeals Ninth Circuit.

May 28, 1964.

Frank A. Calhoun, San Bernardino, Cal., in propria persona.

Dillavou & Cox, George M. Cox, Roswell Bottum, Jr., Los Angeles, Cal., for appellees.

Before BARNES, MERRILL and DUNIWAY, Circuit Judges.

DUNIWAY, Circuit Judge.

Appellees are trustees of a pension fund established in 1959, pursuant to a collective bargaining agreement between Southern California Contractors and the United Brotherhood of Carpenters and Joiners, entered into in 1954, as modified in 1957 and 1959. Appellant is a contractor employing carpenters who belong to the union. Appellees sued as third party beneficiaries under a contract between appellant and the union, dated July 31, 1959, alleging that under that agreement appellant was bound to make payments to the Carpenters Pension Fund on behalf of his employees and that he failed to do so. The action was originally brought in the Municipal Court of Los Angeles, and removed by appellant, asserting original jurisdiction of the federal district court by reason of 29 U.S.C. §§ 185(a), 186(c).

Before July, 1959, appellant had been a member of the California Drywall Association, an employer collective-bargaining unit. As such, he had been bound by the 1954 and 1957 Master Agreements. In July of 1959, he withdrew from the association and informed the union that in the future he intended to negotiate for himself. Negotiations resulted in the signing of a printed "Memorandum Agreement," prepared by the union, out of which this dispute arises.

Appellees assert that appellant bound himself to make payments to the pension fund by reason of a clause of the first paragraph of the agreement:

"* * * that the undersigned employer agrees to comply with the wages, hours, and working conditions as set forth in that certain agreement referred to for convenience as the LABOR AGREEMENT BETWEEN SOUTHERN CALIFORNIA GENERAL CONTRACTORS AND UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA, dated May 1st, 1954 (copy of which has been delivered to me and receipt of which is hereby expressly acknowledged) and any modification or changes *herein*." (Emphasis added)

Although the pleadings below did not make it clear, it was appellees' position that the word "herein" was a typographical error, that it should have read "therein," and that read thus it incorporated subsequent agreements between the association and the union, which provided for the establishment of the pension fund. Appellant argued that "herein" referred to modifications and changes in the 1954 agreement made in the 1959 memorandum agreement (of which there was none), and that he had never agreed to contribute to the pension fund.

The case was tried below to the court, and exhibits were received and witnesses heard, but appellant has not brought up the transcript of the testimony on this appeal. The court held that appellant owed the money to the pension fund, finding (as a conclusion of law) that the

word "herein" was a typographical error, and modifying the contract accordingly to read "therein."

Appellant makes two arguments: First, that "herein" has a clear and definite meaning and the court could not consider parol evidence to alter its meaning, and second, that, assuming the court to have been correct in its finding of typographical error, appellees still cannot recover, because the error was that of the union which supplied the printed document, and it must therefore be construed against the union. He asserts that he was misled by the word, and would not have signed the agreement if he had known he was bound to contribute to the fund.

■■ The first argument is without merit. Treating the court's finding as one of fact, rather than a conclusion of law, as both parties seem to, and as we think we should, it will not be reversed unless clearly erroneous. (Rule 52(a) F.R.Civ.P.) Findings of the trial court carry a presumption of correctness, and appellant bears the burden of bringing up a record which clearly shows the asserted error. United States v. Foster, 9 Cir., 1941, 123 F.2d 32; Glens Falls Indem. Co. v. United States, 9 Cir., 1955, 229 F.2d 370. Here appellant offers mere assertions, apparently based on his testimony below, which is not before us.

Nor does the parol evidence rule help appellant. He cites Cal.Civ.Code, § 1638: "The language of a contract is to govern its interpretation, if the language is clear and explicit, and does not involve an absurdity." Whether one can go so far in this case as to say "herein" constitutes an absurdity is doubtful, but we think it less than clear and explicit. The reading of the contract that appellant urges is permissible, but to make it clear and explicit would require the insertion of words that are not there, such as " * * * and any modification or changes [in that agreement stated] herein." (The added words are in brackets). Even with some such added words, there might be doubt, because in fact the agreement does not

state any modifications in the 1954 agreement. Thus, the language, even as made more explicit, would have no real effect. (Cf. Cal.Civ.Code, § 1641) It could also be argued, because the agreement is a printed one, that "herein" was inserted to make it clear that typed or handwritten material added to it would control to the extent that it might be inconsistent with the printed matter. (Cf. Cal.Civ. Code, § 1651) There is no such added material. The reading suggested by appellees, "therein," also is sensible.

■ The trial court could also rely on Cal.Civ.Code, § 1640:

"When, through fraud, mistake, or accident, a written contract fails to express the real intention of the parties, such intention is to be regarded, and the erroneous parts * * * disregarded."

Surely a printer's error, of the sort asserted here, would be a mistake or accident within the meaning of the statute.

■ Appellant's second point has more substance. If there was a typographical error, he says, it was made by the union and he relied upon it to his detriment. He claims that he would not have agreed to the contract had the word been "therein," as he never intended to agree to the pension payments. (Cf. Cal.Civ.Code, § 1654) He assigns error to the court's ruling, which was in effect a reformation of the contract. The court found merely that the word was a typographical error. It is conceded that the error was made by the union. The court did not find whether appellant was aware of the mistake when he signed the contract, and it did not find whether he was misled by it. This is not a question of sufficiency of evidence to support a finding of fact, but rather of sufficiency of the findings to support the judgment.

In California the right to reformation of a contract is governed by Cal.Civ.Code, § 3399:

"When, through fraud or a mutual mistake of the parties, or a mistake of one party, which the other at the time knew or suspected, a written

contract does not truly express the intention of the parties, it may be revised on the application of a party aggrieved, so as to express that intention * * *."

■ If as is probably the case, the written memorandum was merely intended to formalize negotiations already completed and agreements reached, including the pension fund, then a court could certainly find that the union's mistake was known to appellant, or that it was a mutual mistake, neither party relying on the word "herein" as written. On the other hand, if the written memorandum was submitted to appellant as an offer, and he in fact and in good faith relied on the language as limiting his obligations, then it cannot be said that he ever agreed to pay to the fund, and reformation would be inequitable.

Appellees contend that they know nothing about negotiations between appellant and the union. They argue that, as third party beneficiaries, their rights are not subject to defenses appellant may have against the union, citing Lewis v. Benedict Coal Corp., 1960, 361 U.S. 459, 80 S.Ct. 489, 4 L.Ed.2d 442. But that case is not relevant here. There the Court held that the pension trustee as third party beneficiary had a right against the employer not subject to set-off of damages claimed by the employer against the union for breach of the underlying contract. Here the question is not one of a defense arising out of breach of the contract, but whether the contract initially creates the right in appellees that they claim. If appellant did not in fact agree to be bound by the modifications of the 1954 agreement, then he did not make the promise relied on, and no rights accrued to appellees as third party beneficiaries of such non-existent promise.

Appellees assert that appellant's construction of the agreement is so illogical on its face that the trial court's findings should be interpreted as implying a finding that he knew of the typographical error when he signed the document. Appellees suggest that it is wholly unrealis-

tic to believe that the union, which had been fighting for pension benefits, would consent to let its members work for an individual employer without a guarantee of such rights. Perhaps so, but this assumes the very facts on which the findings here are silent. For all that appears here, appellant may have been so adamant in his opposition to the pension program that he forced the union to back down in its demands.

The findings are insufficient to support the judgment under either Cal.Civ.Code, § 1640 or § 3399. The matter is remanded to the trial court for the making of further findings, either upon the evidence already received or upon such further evidence as the court may decide to hear, and for the entry of a new judgment consistent therewith.