OPERATING ENGINEERS CENTRAL PENSION FUND, Operating Engineers Welfare Fund, Operating Engineers Skill Improvement Fund, and Russell R. Retzack, Plaintiffs,

v.

JOSKI CONSTRUCTION CO., INC., Defendant.

Civ. A. No. 76–C–457.

United States District Court, E. D. Wisconsin.

Dec. 9, 1977.

Bernard O. Westler, Milwaukee, Wis., for plaintiffs.

## 850

Roger J. Nuernberg, Chilton, Wis., for defendant.

### DECISION AND ORDER

REYNOLDS, Chief Judge.

The plaintiffs Operating Engineers Central Pension Fund, Operating Engineers Welfare Fund, and Operating Engineers Skill Improvement Fund are three employee benefit plans of Operating Engineers Union Local 139. The plaintiff Russell R. Retzack is the financial secretary for Operating Engineers Union Local 139 and a beneficiary of the plaintiff funds. Defendant Joski Construction Co., Inc., is a construction company located in Green Bay, Wisconsin, which company entered into a collective bargaining agreement with the plaintiff funds effective January 1, 1971.

Plaintiffs allege that pursuant to the terms of the agreement, the defendant agreed to pay to them certain contributions on behalf of each of defendant's employees covered by the collective bargaining agreement. The plaintiffs further allege that the defendant has failed to comply with the terms of the agreement by failing to make all the necessary contributions, and, therefore, they allege that the defendant has violated the provisions of the Employee Retirement Income Security Act ("ERISA") of 1974 and § 301 of the Labor Management Relations Act ("LMRA").

Jurisdiction is founded on § 301(a) of the LMRA of 1947, as amended (29 U.S.C. § 185(a)), and § 502 of ERISA (29 U.S.C. § 1132).

On July 20, 1976, plaintiff funds moved this court for an order requiring the defendant to permit inspection of its records. On September 23, 1976, the parties entered into a stipulation agreement permitting inspection. Thereafter on February 9, 1977, plaintiff funds filed an amended complaint adding Russell R. Retzack as a party plaintiff and alleging that the inspection of defendant's records revealed that during the period July 1, 1970 to November 30, 1976, the defendant failed to make the following contributions which were owing to the plaintiff funds: $6,017.05 to plaintiff Operating Engineers Central Pension Fund; $7,545.24 to plaintiff Operating Engineers Welfare Fund; and $1,587.23 to plaintiff Operating Engineers Skill Improvement Fund. Therefore, plaintiffs moved the court for preliminary injunctive relief restraining the defendant from violating the terms of 29 U.S.C. § 1132 and of the collective bargaining agreement and from disposing of assets and accounts receivable, and requiring the defendant to pay to the plaintiff funds sums in the amounts set forth above with interest and attorneys' fees.

Section 1132(a)(3), 29 U.S.C., provides that a civil action may be brought:

"by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan."

Plaintiffs allege that a showing of substantial or irreparable harm, which is the showing normally required before a court will grant preliminary injunctive relief, is not required in the present case for the reason that Congress may authorize the issuance of an injunction without a showing of irreparable harm, and has done so in 29 U.S.C. § 1132.

It is true that if Congress sets forth by statute the standard for the issuance of an injunction, that standard and no other need be satisfied to obtain the injunctive relief. *Davis v. Huttig Sash & Door Company*, 288 F.Supp. 82 (W.D.Okl.1968); *Securities & Exchange Commission v. Torr*, 87 F.2d 446 (2d Cir. 1937). In 29 U.S.C. § 1132, however, Congress provided only that injunctive relief may be obtained. It did not set out the standard which the Court is to apply in determining whether or not to grant the relief requested. Under those circumstances, since Congress has not provided that a different standard shall apply, it is the Court's opinion that the usual standards for the granting of injunctive relief must be met.

The plaintiffs do allege that they lack an adequate remedy at law and that they will suffer irreparable harm if the relief requested in the motion for a preliminary injunction is not granted. They have presented no proof in support of either allegation. Therefore, it is the opinion of this Court that the plaintiffs have failed to make the showing required before the Court may grant the relief requested.

For the foregoing reasons,

IT IS ORDERED that the motion of plaintiffs Operating Engineers Central Pension Fund, Operating Engineers Welfare Fund, Operating Engineers Skill Improvement Fund, and Russell R. Retzack for preliminary injunctive relief be and it hereby is denied.