CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, and Loran W. Robbins; Earl Jennings; Marion Winstead; Harold J. Yates; Robert W. Baker; Howard McDougall; R. V. Pulliam and Thomas F. O'Malley as Trustees of the Central States, Southeast and Southwest Areas Pension Fund; Central States Southeast and Southwest Areas Health and Welfare Fund; and Loran W. Robbins; Earl Jennings; Harold J. Yates; Robert W. Baker; R. V. Pulliam and Thomas F. O'Malley as Trustees of the Central States, Southeast and Southwest Areas Health and Welfare Fund, Appellees,

v.

JACK COLE-DIXIE HIGHWAY COMPANY, INC., and Admiral Merchants Motor Freight, Inc., Appellants.

Nos. 80–1863, 80–1864.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 13, 1981.

Decided March 5, 1981.

Joe A. Walters, Jeremiah J. Kearney, Judith M. Wolf, Minneapolis, Minn., for appellant Jack Cole-Dixie Highway Co., Inc.

Alan M. Levy, Goldberg, Previant, Uelmen, Gratz, Miller, Levy & Brueggeman S. C., Milwaukee, Wis., Ernest I. Reveal, III, Robins, Zelle, Larson & Kaplan, St. Paul, Minn., for appellees.

Before HEANEY, ROSS and McMILLIAN, Circuit Judges.

PER CURIAM.

This civil appeal is brought by Admiral Merchants Motor Freight, Inc. (hereinafter Admiral) and Jack Cole-Dixie Highway Company, Inc. (hereinafter Jack Cole) from a judgment entered in the United States District Court for the District of Minnesota, 511 F.Supp. 38, by Judge Alsop in favor of Central States, Southeast and Southwest Areas Pension Fund and Central States, Southeast and Southwest Areas Health and Welfare Fund, et al. (hereinafter collectively referred to as Central States).

The claims of Central States against Admiral and Jack Cole, both of which are large over-the-road trucking firms, relate to their failure to contribute to the pension and welfare funds of Central States as a part of their obligations under the National Master Freight Agreement and the Central States Area Local Cartage and Over-The-Road Supplemental Agreements during the periods relevant to this action. Central States requested a money judgment for back payments due and a mandatory injunction directing Admiral and Jack Cole to make future payments due to Central States on a timely basis. The district court granted Central States' motion for the requested preliminary mandatory injunction and for partial summary judgment for monetary relief.

The district court also dismissed Counts Two through Five of defendant Jack Cole's counterclaim and Counts One through Four of defendant Admiral's counterclaim. These counterclaims alleged acts of mismanagement and errors in the general and specific investment policies of the funds held by the two Central States groups. The trial court held that Admiral and Jack Cole had no standing to raise these claims under the Labor-Management Relations Act of 1947, the Employee Retirement Income Security Act of 1974, federal common law, or state common law.

After this appeal was filed Central States filed a petition in involuntary bankruptcy against both Admiral and Jack Cole and requested this court to stay further action in this appeal pending determination of the bankruptcy case. We denied their request

and expedited the appeal. Argument on the expedited appeal was held on January 13, 1981.

We have studied the record, the briefs and the opinion of the trial court on the issues of the award of the mandatory injunction together with the monetary judgment. In our opinion the findings of fact of the trial court are not clearly erroneous and its decision was not induced by an erroneous interpretation of the law. No useful purpose would be served in setting forth all of the various claims and counterclaims by the parties. The memorandum opinion of the trial court, *Central States, Southeast & Southwest Areas Pension Fund v. Jack Cole-Dixie Highway Co.*, 511 F. Supp. 38 (D.Minn.1980), is correct in every material respect, and we affirm the judgment of the trial court on the basis of that opinion.

Affirmed.