Forrest BUGHER, et al.,
Plaintiffs-Appellees,
v.
Jack FEIGHTNER d/b/a Feightner Excavating Company,
Defendant-Appellant.
No. 81–2899.
United States Court of Appeals,
Seventh Circuit.
Argued Sept. 16, 1982.
Decided Dec. 19, 1983.
Rehearing and Rehearing En Banc Denied Feb. 14, 1984.

Alan H. Lobley, Ice, Miller, Donadio & Ryan, Indianapolis, Ind., for defendant-appellant.

Louis E. Sigman, Baum, Sigman & Gold, Chicago, Ill., for plaintiffs-appellees.

Before BAUER and WOOD, Circuit Judges, and CAMPBELL, Senior District Judge.*

WILLIAM J. CAMPBELL, Senior District Judge.

This is an appeal brought by defendant Jack Feightner, d/b/a Feightner Excavating Company, from a judgment entered after a nonjury trial. Plaintiffs, the trustees of certain union trust funds, brought this action seeking delinquent contributions allegedly due as the result of a collective bargaining agreement between the defendant and the union. Feightner denied liability, claiming at trial that the multi-employer collective bargaining association which had purportedly signed on his behalf did not have authority to bind him. Feightner also made a timely demand for jury trial, however the district court granted the plaintiffs' motion to strike that demand. A bench trial was held and the trial judge found for the plaintiffs, entering a judgment against the defendant for the delinquent contributions, attorneys' fees, audit fees, costs, and a surcharge. Feightner brings this appeal contending that under the facts of this case he was not bound to the collective bargaining agreement, and that the district court erred in striking his demand for a jury trial.

Plaintiffs' complaint alleged that their claim arose under 29 U.S.C. § 1132, the civil enforcement provision of the Employee Retirement Income Security Act (hereafter "ERISA"), and 29 U.S.C. § 185(a) of the Labor-Management Relations Act. While seeking monetary relief the complaint only requested equitable remedies, i.e., an accounting and a grant of specific performance. Contemporaneously with the filing of his answer, the appellant demanded a jury trial. Prior to trial the appellees filed a Motion to Strike Defendant's Jury De-

mand and the issue was briefed for the court. The district judge granted the motion noting that plaintiffs had only requested equitable relief and that 29 U.S.C. § 1132(a)(3) only authorized that type of remedy. Feightner has appealed that ruling, noting that under *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962) the form of remedy requested in the complaint does not control the characterization of the action as legal or equitable for purposes of the Seventh Amendment. Appellant argues that the complaint alleged, in essence, a breach of contract, a claim traditionally enforced in an action at law and thus triable to a jury under the Seventh Amendment. For the reasons stated below, we agree with the appellant.

The claim asserted in the complaint arises solely under federal statutes. The Supreme Court stated in *Curtis v. Loether*, 415 U.S. 189, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974):

The Seventh Amendment does apply to actions enforcing statutory rights, and requires a jury trial upon demand, if the statute creates legal rights and remedies, enforceable in an action for damages in the ordinary courts of law. 415 U.S. at 194, 94 S.Ct. at 1008.

In analyzing the nature of the rights created by the statutes in issue we must first look to legislative intent and if that is not decisive we must determine whether rights and remedies of that type were traditionally enforced in an action at law or in equity, see *Pernell v. Southall Realty*, 416 U.S. 363, 375, 94 S.Ct. 1723, 1729, 40 L.Ed.2d 198 (1974).

The Labor-Management Relations Act was enacted in 1947 and was designed to permit the federal courts to create a federal common law of labor contracts, see *Textile Workers Union of America v. Lincoln Mills*, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957). The statute is silent on the issue of the right to jury trial and the legislative history is similarly unenlightening. As a result, the Seventh Amendment issue has generally been resolved on a case-by-case basis through an analysis of the rights and

---

* The Honorable William J. Campbell, Senior District Judge of the United States District Court of the Northern District of Illinois, is sitting by designation.

remedies being asserted, *see e.g. Minnis v. International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, UAW,* 531 F.2d 850 (8th Cir.1975) (jury trial in employee action claiming breach of union's duty of fair representation); *Nedd v. United Mine Workers of America,* 556 F.2d 190 (3rd Cir.1977), cert. den. 434 U.S. 1013, 98 S.Ct. 727, 54 L.Ed.2d 757 (1978) (no jury trial in action by employee-beneficiaries to compel union to collect royalties for pension fund); *Cox v. C.H. Masland & Sons, Inc.,* 607 F.2d 138 (5th Cir.1979) (jury trial in employee's action claiming breach of collective bargaining agreement by employer and breach of duty of fair representation by union).

The status of pensions within the statutory labor scheme was initially defined in *Inland Steel Co. v. N.L.R.B.,* 170 F.2d 247 (7th Cir.1948), cert. den. 336 U.S. 960, 69 S.Ct. 887, 93 L.Ed. 1112 (1949). In that case the court concluded that pensions were a "condition of employment" within the meaning of 29 U.S.C. § 158(a)(5) and thus were mandatory subjects of the collective bargaining process. Thereafter, 29 U.S.C. § 185(a) became the jurisdictional and substantive basis for suits brought by plan trustees and unions to collect delinquent contributions for pension funds, *see Lewis v. Benedict Coal Corp.,* 361 U.S. 459, 80 S.Ct. 489, 4 L.Ed.2d 442 (1960); *Lewis v. Mill Ridge Coal, Inc.,* 298 F.2d 552 (6th Cir.1962); *Calhoun v. Bernard,* 333 F.2d 739 (9th Cir.1964); *Huge v. Long's Hauling Co., Inc.,* 590 F.2d 457 (3rd Cir.1978), cert. den. 442 U.S. 918, 99 S.Ct. 2840, 61 L.Ed.2d 285 (1979); *see also Alvares v. Erickson,* 514 F.2d 156, 162–163 fn. 3 (9th Cir.1975). Under those cases the plan trustees are considered to be third party beneficiaries of the collective bargaining agreement between the union and the employer. In that capacity, the trustees can bring an action seeking damages for breach of contract, subject to the defenses of nonperforming promisors recognized at common law, *see Kaiser Steel*

*Corp. v. Mullins,* 455 U.S. 72, 102 S.Ct. 851, 859 fn. 8, 70 L.Ed.2d 833 (1982). A suit for breach of contract seeking damages was traditionally an action at law and thus triable to a jury under the Seventh Amendment, *Scott v. Neely,* 140 U.S. 106, 110, 11 S.Ct. 712, 714, 35 L.Ed. 358 (1891); *Dairy Queen, supra,* 369 U.S. at 477, 82 S.Ct. at 899. Therefore, in an action brought for delinquent contributions under 29 U.S.C. § 185(a) either party can properly demand a jury trial.[1] Our analysis cannot end here, however, for we must also determine whether ERISA altered the trustees' rights under 29 U.S.C. § 185(a).

In 1974 Congress enacted ERISA which expanded the scope of remedies available to participants, beneficiaries, and fiduciaries of union pension plans. With regard to fiduciaries, the civil enforcement statute provides:

> (a) A civil action may be brought—
>
> \* \* \* \* \* \*
>
> (2) by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title [relating to breaches of fiduciary duty];
>
> (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan; 29 U.S.C. § 1132.

The plaintiffs' complaint in this cause alleged a cause of action under § 1132(a)(3) which, by its own terms, authorizes only equitable actions. If that subsection is the only authority for a trustee's action against an employer, that is, if it was intended to supersede the trustees' third party beneficiary rights under 29 U.S.C. § 185(a), we would have no difficulty holding that there is no right to a jury trial in this case. However, a review of the statutory scheme

---

1. While this issue is apparently one of first impression, our holding is somewhat anticlimatic in view of the fact that jury trials have been held in two reported cases of this type (albeit without any discussion of the Seventh Amendment issue), *see Lewis v. Benedict Coal*

*Corp.,* 361 U.S. 459, 80 S.Ct. 489, 4 L.Ed.2d 442 (1960); *Lewis v. Kepple,* 185 F.Supp. 884 (W.D. Pa.1960), aff'd 287 F.2d 409 (3rd Cir.1961). We note that the district judge was not afforded the benefit of these cases in the briefs below, nor were they cited in the appellate briefs.

and legislative history of ERISA demonstrates that 29 U.S.C. § 1132(a)(3) was intended to supplement rather than supersede the rights existing under 29 U.S.C. § 185(a).

Initially, we note that § 514(d) of ERISA (29 U.S.C. § 1144(d)) provides:

> (d) Nothing in this subchapter shall be construed to alter, amend, modify, invalidate, impair, or supersede any law of the United States (except as provided in sections 1031 and 1137(b) of this title) or any rule or regulation issued under any such law.[2]

Furthermore, the legislative history does not conflict with that provision. In Senate Report 93–127 the Committee on Labor and Public Welfare discussed existing law:

> At the federal level, there are essentially three federal statutes which, although accomplishing different purposes and vested within different federal departments for enforcement, are all compatible in their regulatory responsibilities. These are the Welfare and Pension Plans Disclosure Act (29 U.S.C. Sec. 301 et seq.), the Labor-Management Relations Act (29 U.S.C. Sec. 141, et seq.) and the Internal Revenue Code (I.R.C. of 1954, Secs. 401–404, 501–503).
>
> \*  \*  \*  \*  \*  \*
>
> The Labor-Management Relations Act, Sec. 302, provides the fundamental guidelines for the establishment and operation of pension funds administered jointly by an employer and a union. The Act is not intended to establish nor does it provide standards for the preservation of vested benefits, funding adequacy, security of investment, or fiduciary conduct. Senate Report No. 127, 93d Cong. 2d Sess. reprinted in 1974 U.S.Code Cong. & Admin. News, pp. 4838, 4840, 4814.

These latter concerns were the major objectives of the proposed act:

> [ERISA] is designed (1) to establish minimum standards of fiduciary conduct for Trustees, Administrators and others dealing with retirement plans, to provide for their enforcement through civil and criminal sanctions, to require adequate public disclosure to the plan's administrative and financial affairs, and (2) to improve the equitable character and soundness of private pension plans by requiring them to: (a) vest the accrued benefits of employees with significant periods of service with an employer, (b) meet minimum standards of funding, and (c) guarantee the adequacy of the plan's assets against the risk of plan termination prior to completion of the normal funding cycle by insuring the unfunded portion of the benefits promised. House Report No. 533, 93rd Cong. 2d Sess. reprinted in 1974 U.S.Code Cong. & Admin.News, pp. 4639, 4655–4656.

There is no evidence in the legislative history that Congress found fault with the court's application of 29 U.S.C. § 185(a) to lawsuits involving pensions or that it intended to render that application obsolete. While 29 U.S.C. § 1132(a)(3) grants fiduciaries (as well as participants and beneficiaries) the right to seek equitable relief, that provision was designed to counter a tendency of the courts to refuse such relief:

> Courts strictly interpret the plan indenture and are reluctant to apply concepts of equitable relief or to disregard technical document wording. Senate Report No. 127 *supra* at 4842.

*See also, Laborers Fringe Benefit Funds v. Northwest Concrete,* 640 F.2d 1350 (6th Cir. 1981).

In 1980, Congress enacted the Multiemployer Pension Plan Amendments Act which contained substantial modifications of ERISA. One of the concerns expressed in the legislative history was that:

> [S]imple collection actions brought by plan trustees have been converted into lengthy, costly and complex litigation concerning claims and defenses unrelated to the employer's promise and the plans' entitlement to the contributions. Staff of the Senate Comm. on Labor and Human Resources, S. 1076: The Multiemployer Pension Plan Amendments Act of 1980, 96th Cong., 2d Sess. 44 (unnumbered Comm. Print April 1980) (1980 Senate Labor Comm. Print)

---

**2.** Section 1031 relates to the repeal of the Welfare and Pension Plans Disclosure Act (which ERISA replaced) and § 1137(b) addresses potential conflicts of interest in the administration of the Act.

To address that problem Congress added 29 U.S.C. § 1145 and bolstered the enforcement provisions of 29 U.S.C. § 1132. While one of the legislative objectives was to simplify delinquency collection actions, there was no evidence of an intention to eliminate the right to a jury trial or to make ERISA the exclusive means of enforcement.[3]

We conclude that plaintiffs had a legal remedy available to them, i.e., a claim for damages for breach of contract under 29 U.S.C. § 185(a), as well as an equitable remedy under 29 U.S.C. § 1132(a)(3). In this situation the Seventh Amendment issue is controlled by *Dairy Queen, supra.* The form of plaintiffs' complaint does not control the characterization of the action as either equitable or legal, 369 U.S. at 477–478, 82 S.Ct. at 899–900. The necessary prerequisite to the right to maintain an equitable action is the unavailability of an adequate remedy at law, 369 U.S. at 478, 82 S.Ct. at 900. There has been no showing that the legal remedy is inadequate, even assuming that an analysis of the defendant's business records is necessary in order to compute the measure of damages, 369 U.S. at 479, 82 S.Ct. at 900. Therefore, whether we construe plaintiffs' complaint as solely a legal claim or as a joinder of legal and equitable actions, *see* 369 U.S. at 481, 82 S.Ct. at 901 (Harlan, J. concurring), the appellant was entitled to a jury trial on the legal issues.

Our holding herein does not conflict with this court's decision in *Wardle v. Central States, Southeast and Southwest Areas Pension Fund,* 627 F.2d 820 (7th Cir.1980), *cert. den.* 449 U.S. 1112, 101 S.Ct. 922, 66 L.Ed.2d 841 (1981). In that case, the court concluded that there was no right to a jury trial in an action brought by a beneficiary under 29 U.S.C. § 1132(a)(1)(B). The court reasoned that such actions were traditionally equitable in nature and that Congress had indicated no intention of altering that

characterization in its promulgation of the ERISA enforcement provisions, *accord, Calamia v. Spivey,* 632 F.2d 1235 (5th Cir. 1980).[4] Thus, *Wardle* addressed a different subsection of 29 U.S.C. § 1132 than we do here and involved a claim with a different historical background. We also do not find that there is any conflict between our holding and that of the Sixth Circuit in *Laborers Fringe Benefit Funds, supra.* The sole issue in that case was whether a plan trustee could seek an injunction against an employer for failing to comply with the plan contribution provisions of the collective bargaining agreement. The court concluded that injunctive relief was authorized under 29 U.S.C. § 1132(a)(3) and was appropriate under the facts of the case before it. While the court emphasized the congressional intent to encourage the use of equitable remedies in ERISA cases, it still determined, as a preliminary matter, that there was not an adequate remedy at law before authorizing the issuance of the injunction.

Having determined that the appellant was entitled to a jury trial by virtue of the Seventh Amendment, we need not reach the factual issues raised by him on this appeal. Accordingly, the judgment is vacated and the case remanded for proceedings consistent with this opinion.

---

BAUER, Circuit Judge, concurs in Judge Campbell's majority opinion and also in Judge Wood's concurrence, which follows.

HARLINGTON WOOD, Jr., Circuit Judge, concurring.

While I concur with the majority opinion, I respectfully must add a few points to round out what I believe is the correct approach to the right to trial by jury under Section 502(a)(3) of ERISA, 29 U.S.C. § 1132.

---

**3.** We note that the floor managers of the proposed Act both stated that they endorsed cases such as *Lewis v. Benedict Coal Corp., supra; Long's Hauling Co., Inc., supra;* 126 Cong.Rec. H7899 (daily ed. Aug. 26, 1980) (remarks of Rep. Thompson), 126 Cong.Rec. S11673 (daily ed. Aug. 26, 1980) (remarks of Sen. Williams). While those cases were cited for their discussions of appropriate defenses to trustee collec-

tion actions, it is interesting to note that all three involved actions brought solely under 29 U.S.C. § 185(a), including *Huge* which was decided after the enactment of ERISA.

**4.** An identical conclusion was reached in an employee-beneficiary action brought under 29 U.S.C. § 185(a), *Nedd v. United Mine Workers of America, supra.*

I agree that ERISA § 502 was enacted to encourage the courts to grant equitable relief. This policy position was codified, however, with the qualification in § 502(a)(3) that the action seek "appropriate" equitable relief. The legislative history provides no indication that Congress intended to create a new form of equitable action that would be free from the conventional analysis which courts generally must perform to determine whether equitable relief would be appropriate in a given case. Thus, before granting equitable relief under ERISA § 502(a)(3), a court first must determine that equitable relief is appropriate.

When union fund trustees have sued under § 502(a)(3)(A) to enjoin an employer from future violations of collective bargaining agreements, the courts have assessed irreparable harm, balance of hardships, and so forth, to determine whether an injunction should issue. *See, e.g., Laborers Fringe Benefit Funds—Detroit Vicinity v. Northwest Concrete & Construction, Inc.,* 640 F.2d 1350 (6th Cir.1981); *Central States, Southeast and Southwest Areas Pension Fund v. Admiral Merchants Motor Freight, Inc.,* 511 F.Supp. 38 (D.Minn.1980), aff'd sub nom. *Central States, Southeast and Southwest Areas Pension Fund v. Jack Cole-Dixie Highway Co.,* 642 F.2d 1122 (8th Cir.1981); *Operating Engineers Central Pension Fund v. Joski Construction Co.,* 441 F.Supp. 849, 850 (E.D.Wis.1977) (because Congress did not supply a different test, court applies the usual test before granting injunction). Likewise under § 502(a)(3)(B), the trial court must look beyond the fact that plaintiffs seek relief sounding in equity under an ERISA provision that expressly mandates equitable relief. As in any suit seeking specific performance, a grant of equitable relief is in the court's sound discretion. Equitable relief is available only as a substitute when the legal remedy is inadequate or impracticable. *Dairy Queen, Inc. v. Wood,* 369 U.S. 469, 478, 82 S.Ct. 894, 900, 8 L.Ed.2d 44 (1962); 4 S. Symons, *Pomeroy's Equity Jurisprudence* § 1401 (5th ed. 1941). As the majority opinion notes, the necessary prerequisite of inadequacy of the legal remedy was not met in this case.

If equitable relief is appropriate in a particular case, a court must allow the plaintiff to proceed under ERISA § 502 with no right to trial by jury. If, however, a court finds equitable relief inappropriate, the plaintiff may not proceed under § 502. Frequently, as in the instant action, the plaintiff also sues under Labor-Management Relations Act (LMRA) § 301, 29 U.S.C. § 185. This provision in its express language provides a jurisdictional basis, and, under *Textile Workers Union of America v. Lincoln Mills of Alabama,* 353 U.S. 448, 456, 77 S.Ct. 912, 917, 1 L.Ed.2d 972 (1957), also provides a substantive basis for both legal and equitable claims under the federal labor common law. The right to a jury trial under LMRA § 301 is decided on a case-by-case basis depending upon the nature of the claim. Once having decided that the suit is not equitable for ERISA purposes, the same holds true under LMRA, and a right to jury trial exists.

This ERISA analysis does not conflict with our decision in *Wardle v. Central States, Southeast and Southwest Areas Pension Fund,* 627 F.2d 820 (7th Cir.1980), cert. denied, 449 U.S. 1112, 101 S.Ct. 922, 66 L.Ed.2d 841 (1981). In *Wardle* the plaintiff styled his suit as one for damages, and the legal remedy would have been adequate under the circumstances. While we hold here that a suit under ERISA for specific performance is really a legal cause of action, in *Wardle* we held that an ERISA damage action was equitable and denied the plaintiff's jury trial request.

Unlike the present case, *Wardle* involved an action under ERISA § 502(a)(1)(B) by a potential beneficiary of a trust fund against the trustees for refusal to pay pension benefits. We held that, in an ERISA action reviewing the trustees' decision as to disbursements from the trust, the role of the federal courts is merely to determine whether the trustees' action was arbitrary, capricious, or in bad faith. *Id.* at 824. Thus, ERISA maintains the limited judicial review of trustee actions that developed under the law of trusts, for both federal courts and state courts which have concurrent jurisdiction over § 502(a)(1)(B) claims,

see 29 U.S.C. § 1132(e)(1). Due to the trust nature of such suits and the limited judicial role, *Wardle* determined that congressional silence on the right to a jury trial under ERISA reflects an intention to continue the historical treatment of this type of suit in equity. *Id.* at 829.[1]

The instant case, in contrast, involves trustees suing an employer on his contractual obligations to the trust. No clear historical pattern of equitable treatment exists for this type of suit, which is not so permeated with the traditionally equitable nature of trusts as is a beneficiary's suit against the trustees.[2] Further, the judicial role in such cases is not limited to review of the trustees' actions under the arbitrary and capricious standard, but is the same as in any contract action. That plaintiffs sued not for their own recovery but on behalf of the trust is not enough to make this suit equitable. In other contexts where a trustee sues a promisor on a contract with the trust, the existence of the trust as the direct promisee would not alone displace the otherwise standard contractual nature of the action. *Cf. Ross v. Bernhard,* 396 U.S. 531, 538, 90 S.Ct. 733, 738, 24 L.Ed.2d 729 (1970) (right to jury trial on legal claims in shareholder's derivative action). Thus, while *Wardle* assumed that equitable actions may be brought under § 502(a)(3), our discussion of the inherently equitable nature of suits by beneficiaries against fiduciaries did not extend to suits by fiduciaries against employers, and we did not eliminate the prerequisite that suits under § 502(a)(3) be genuinely equitable.

---

1. The Fifth and Eighth Circuits have followed *Wardle. See In re Vorpahl,* 695 F.2d 318 (8th Cir.1982); *Calamia v. Spivey,* 632 F.2d 1235 (5th Cir.1980); *accord Diano v. Central States, Southeast and Southwest Areas Health and Welfare and Pension Funds,* 551 F.Supp. 861 (N.D.Ohio 1982). Another line of cases, however, has held that equitable relief is not available to participants and beneficiaries under ERISA § 502(a)(1)(B) because implying equitable relief under this subsection would be superfluous when it is expressly mandated under § 502(a)(3). *See Pollock v. Castrovinci,* 476 F.Supp. 606 (S.D.N.Y.1979), *aff'd without opinion,* 622 F.2d 575 (2d Cir.1980); *Stamps v. Michigan Teamsters Joint Council No. 43,* 431 F.Supp. 745 (E.D.Mich.1977).

2. A survey of cases where trustee actions against employers under LMRA and ERISA went to trial reveals some bench trials, *see, e.g., Audit Services, Inc. v. Rolfson,* 641 F.2d 757, 760 (9th Cir.1981) (right to jury trial not raised); *Calhoun v. Bernard,* 333 F.2d 739, 740 (9th Cir.1964) (same); *Central Pension Fund of the International Union of Operating Engineers and Participating Employers v. Bryant,* No. 80–3175 (C.D.Ill. Dec. 31, 1980) (unpublished opinion) (denying defendant employer's jury trial demand, relying on Judge Steckler's order in the instant case), and some jury trials, *see, e.g., Lewis v. Benedict Coal Corp.,* 361 U.S. 459, 462, 80 S.Ct. 489, 491, 4 L.Ed.2d 442 (1960); *Lewis v. Kepple,* 185 F.Supp. 884, 886 (W.D.Pa. 1960), *aff'd,* 287 F.2d 409 (3d Cir.1961) (memorandum).