Argued March 10, affirmed April 19, 1977

# VERMEER et al, *Appellants,*
## *v.*
# GUN CRETE CEMENT CO., *Respondent.*
## (TC 396-010, SC 24405)

562 P2d 1182

Jerome B. Buckley, Jr., Portland, argued the cause for appellants. With him on the brief were Herbert B. Galton, and Galton & Popick, Portland.

Raymond J. Conboy, Portland, argued the cause for respondent. With him on the brief were Frank Pozzi, and Pozzi, Wilson & Atchison, Portland.

Before Denecke, Chief Justice, and Tongue, Bryson, and O'Connell, Justices.

TONGUE, J.

## TONGUE, J.

This is a suit by the trustees of trust funds established under the terms of a labor contract to enforce payments of contributions by an employer to those funds and for an accounting to determine the amounts due. Plaintiffs appeal from a decree denying relief upon the ground that plaintiffs had not sustained their burden of proof. We affirm.

By a previous interlocutory decree the trial court ordered that defendant file an accounting setting forth all contributions owing by it to such funds and that plaintiffs were entitled to examine all defendant's books and records necessary for a "complete audit."

Defendant then filed an accounting showing no payments due to such funds. Plaintiffs filed objections to that accounting; filed an audit prepared by an independent firm of certified public accountants showing the sum of $40,186.66 owed by defendant to the trust funds, and offered testimony in support of that audit.

At the beginning of the trial plaintiffs' attorney agreed with the statement by the trial judge that "the burden of proof throughout is still on the plaintiffs to prove who did work falling within the labor agreement and what the amount of it was, and the payroll concerned with it, and the amount of contributions, and so forth."

After hearing the testimony offered by plaintiffs in support of its audit, the trial court entered a written opinion in which it found that two employees did work within the contract for which defendant was liable for contributions to the various trusts and that it suspected that this was also true of "all or a portion of the work" done by other employees listed in the same "categories." The trial court concluded, however, that it was unable to "settle an accounting" because in order to do so it would "have to be able to fix the number of hours worked" by each of these employees;

that "[t]he court could guess or estimate the percentages for [employees] Sporer and White, but could only guess as to percentages for other employees involved," and that "[t]he court is simply unable to arrive at any findings other than by guess or estimate as to any amounts owing from defendant to plaintiffs and plaintiffs must therefore fail in this claim."

■ Because this is a suit in equity, we review the record de novo. After doing so, we agree with the decision by the trial court.

■ The accountant who prepared the audit for plaintiffs testified that defendant's records were not sufficient for purposes of the audit, but left "many questions as far as what trade these particular men were working at" and that what he then did was to "either check with the individual, himself, or the various [other union] trust funds to see if the man has been working in the trade"; that he spent "a great deal of effort trying to verify the information" and "contacted many men," who were "thoroughly questioned * * * as to what specific duties they were doing * * *."

The accountant admitted, however, that he was "instructed by the lawyers representing the trust to classify all employees as laborers whose trades were not otherwise determinable." It also developed on cross-examination that he only "contacted" two or three of some 28 employees listed in the audit; that he included in his audit employees who clearly did no laborer's work and that he did not have sufficient information to determine the percentage of time devoted to laborer's work by other employees included in the audit.

After reviewing the record, we conclude, as did the trial court, that the audit offered by plaintiffs did not provide a sufficient basis for a determination of an amount due and payable by defendant to the trust funds.

Plaintiffs also called as witnesses four of defend-

ant's employees or former employees. It would serve no useful purpose to summarize their testimony because, again, we conclude that such testimony was not sufficiently definite to provide a sufficient basis for such a determination, either on the basis of a percentage of time devoted by employees to "laborer's work" or on any other basis.

We are understanding of the problem confronted by the trustees of such funds in the preparation of a reliable audit where employer's records are inadequate. We recognize that in such cases the determination of amounts due to such funds must of necessity be based upon other information, including employee interviews. *See Pio v. Kelly,* 275 Or 585, 599-601, 552 P2d 1301 (1976). Nevertheless, in our judgment, the evidence offered by plaintiffs in this case was insufficient to provide a reliable basis for such an audit.

Plaintiffs request that, in such an event, this case should be remanded to the trial court for a "supplemental proceeding," to include "revised audit findings in a manner deemed appropriate by the Court." In our judgment, however, plaintiffs have had an ample opportunity to prepare a reliable audit of amounts claimed to be due by defendant to these trust funds and we do not believe that a remand for such a "supplemental proceeding" would be proper in this case. *Cf. Pio v. Kelly, supra,* at 604.

For these reasons, the decree of the trial court is affirmed, with costs to neither party.[1]

---

[1] Plaintiffs also assign as error the sustaining of defendant's objections to plaintiffs' "offer of proof" of testimony by a union officer on the subject of the "types of work" claimed to be within the jurisdiction of the Laborer's Union. Because the Master Labor Agreement listed the types of work subject to the jurisdiction of that union, the trial court did not err in sustaining defendant's objection to that testimony.