Argued and submitted July 18, trial court case no. A8602-00947 affirmed; trial court case no. A8602-00948 reversed in part and otherwise affirmed October 26, 1988

PADDACK et al,
*Respondents,*

*v.*

L. W. HEMBREE COMPANY,
*Defendant,*

*and*

HEMBREE,
*Appellant.*

PADDACK et al,
*Respondents,*

*v.*

HEMCO ENTERPRISES, CO.,
*Defendant,*

*and*

HEMBREE,
*Appellant.*

(A8602-00947, A8602-00948; CA A45666)

763 P2d 411

Ronald T. Adams, Portland, argued the cause for appellant. With him on the briefs were James F. Dalton and Rappleyea, Beck, Helterline, Spencer & Roskie, Portland.

David S. Paull, Portland, argued the cause for respondents. With him on the brief was Norman D. Malbin, Portland.

Before Warden, Presiding Judge, Van Hoomissen, Judge pro tempore, and Graber, Judge.

GRABER, J.

## GRABER, J.

This appeal involves two consolidated actions brought under § 301 of the Labor Management Relations Act. 29 USC § 185. Plaintiffs, trustees of several employe benefit trusts, seek accountings for contributions that defendants allegedly owe the trusts. Defendants in one case are L. W. Hembree Company, an Oregon corporation, and L. W. Hembree, individually (Hembree); in the other, they are Hemco Enterprises, Co., an Oregon corporation, and Hembree. Hembree was the sole owner of both corporations. The trial court found that each corporation owed unpaid contributions, audit fees, and liquidated damages and held that Hembree was personally liable for those obligations. It entered judgment in the first case against L. W. Hembree Company and against Hembree; in the second case, it entered judgment only against Hembree.[1] Only Hembree appeals. We affirm the judgment against Hembree in the first case and reverse it in the other.

Hembree operated two construction businesses, Hemco Enterprises and L. W. Hembree Company. In 1972, when Hemco Enterprises was a sole proprietorship, Hembree signed a collective bargaining agreement with the Oregon State Council of Carpenters (the union). He agreed to abide by the agreements establishing the plaintiff trusts, including making the required contributions on behalf of his employes. Later he incorporated Hemco Enterprises. All of the amounts that plaintiffs claim relate to the period after incorporation. In 1979, Hembree signed a similar collective bargaining agreement with the union on behalf of L. W. Hembree Company, which was a corporation at the time of the signing. Each agreement contained this provision:

> "This Memorandum Agreement shall be binding upon the heirs, executors, administrators, purchasers, and assigns of the Employer and shall be binding upon the Employer regardless of a change of entity, name or association or joint venture and shall bind any entity or venture who is a principal, associated with the Employer. If the Employer is a corporation, or other business entity other than an individual, the individual signing this agreement on behalf of the

---

[1] The parties dismissed the case as to Hemco Enterprises without prejudice, because that corporation was involved in a Chapter 7 bankruptcy.

Employer acknowledges that his signature binds himself individually as well as the corporation or other business entity."

Plaintiffs rely solely on that clause to hold Hembree personally liable for the corporate debts; they do not assert that the corporations were his *alter egos* or that there is any other basis for piercing the corporate veils.

. Hembree's first assignment of error is that the trial court denied his request for a jury trial. The cases against the corporations were actions for an accounting, which are equitable and thus do not entail any right to a jury trial. *See, e.g., Vermeer v. Gun Crete Cement,* 278 Or 41, 562 P2d 1182 (1977). The actions retained their character, even though the accountings had been performed and, by the time of trial, plaintiffs were seeking only judgments for the unpaid amounts, because, once equity acquires jurisdiction, it may resolve all issues in a case, both legal and equitable. *See Wittick v. Miles,* 274 Or 1, 5, 545 P2d 121 (1976); *Parrish v. Stephens,* 1 Or 73 (1853). Hembree employed no workers directly. Plaintiffs asserted that he was liable derivatively, because he had assumed responsibility in the collective bargaining agreements for unpaid contributions. If plaintiffs are correct, Hembree was an employer to the extent of the unpaid contributions. Thus, an action for an accounting was proper against him, as well as against the corporations, and the trial court did not err in refusing to conduct a jury trial on the claims against Hembree.

██ The decisive issue is the extent to which the agreements bound Hembree to pay the unpaid corporate contributions. Although that is an issue governed by federal law, *see Seymour v. Hull & Moreland Engineering,* 605 F2d 1105, 1110 (9th Cir 1979), the parties have not directed us to any controlling federal authority. Federal law appears to provide that, in the absence of a provision to the contrary, a person who signs a collective bargaining agreement as a sole proprietor ceases to be the employer when the business is incorporated later. The corporation then becomes the employer, and the individual is not liable for later contributions. *See Operating Engineers Pension Trust v. Reed,* 726 F2d 513 (9th Cir 1984) (decided under ERISA, 29 USC § 1145). We have found no case, however, that considers the effect of a provision in a collective bargaining agreement that would retain liability for the sole

proprietor after the change to a corporate structure. We assume, in the absence of contrary federal authority, that it is consistent with federal labor law to enforce a provision making someone other than the direct employer liable for the payment of fringe benefits. In the paragraph in issue, Hembree agreed that, *if he was signing on behalf of a corporation,* he would be bound individually to the agreement. Hembree signed the agreement involving L. W. Hembree Company on behalf of a corporation; he is, therefore, liable for that company's unpaid obligations.

■ The situation for Hemco Enterprises is different. Hembree signed that agreement on behalf of a sole proprietorship, not a corporation. Under the agreement, the corporation became liable upon its formation as a *successor* to the sole proprietorship. Under *Operating Engineers Pension Trust v. Reed, supra,* however, the sole proprietorship ceased to be liable when the corporation became liable. Nothing in the agreement changes that result. The agreement binds the individual signing it "[i]f the Employer *is* a corporation" (emphasis supplied), not if the employer *becomes* one. The agreement simply did not provide for the events that occurred in the Hemco Enterprises case. The trial court, therefore, erred in holding Hembree liable for the Hemco Enterprises obligations.[2]

Trial court case no. A8602-00947 affirmed; trial court case no. A8602-00948 reversed as to individual liability of defendant Hembree and otherwise affirmed.

---

[2] Hembree's remaining assignment of error does not merit discussion.