**OREGON LABORERS–EMPLOYERS TRUST FUNDS, Plaintiffs,**

v.

**PACIFIC FENCE AND WIRE COMPANY, Defendant.**

**Civ. No. 88–382–FR.**

United States District Court,
D. Oregon.

Nov. 30, 1989.

Gary L. Tyler, Galton, Scott & Colett, Portland, Or., for plaintiffs.

David J. Sweeney, Paul G. Dodds, Brownstein, Rask, Sweeney, Kerr, Grim & Desylvia, Portland, Or., for defendant.

FRYE, District Judge:

The matter before the court is the motion (# 60) of plaintiff, Oregon Laborers–Employers Trust Funds (the Trust Funds), 1) to strike the demand for jury trial of defendant, Pacific Fence and Wire Company (Pacific); and 2) to strike Pacific's affirmative defenses of estoppel and laches.

## BACKGROUND

This is an action to collect fringe benefit contributions under the Labor Management Relations Act (LMRA), 29 U.S.C. §§ 185 *et seq.*, and the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132. The Trust Funds are collective express trusts which administer contributions by employers for medical, pension and other fringe benefits. Pacific is a corporation organized under the laws of the State of Oregon. Pacific is engaged in the business of manufacturing, wholesaling and installing chain link fences and gates.

The original complaint filed by the Trust Funds sought an accounting of fringe benefit contributions owed by Pacific. Subsequently, the Trust Funds conducted an accounting for the period from January 1, 1983 through March, 1989. On July 5, 1989, the Trust Funds filed an amended complaint asking for judgment in the amounts found to be owing in the audit. The amended complaint does not contain a request for an accounting. Pacific made a timely request for a jury trial in its answer to the amended complaint.

Recently, the parties filed cross-motions for summary judgment. The court denied both of these motions. Trial is scheduled to begin on December 12, 1989.

## ANALYSIS AND RULING

### 1. *Motion to Strike Jury Trial*

The Trust Funds move to strike Pacific's demand for a jury trial on the grounds that a jury trial is not available in an action to collect fringe benefit contributions under the LMRA and ERISA. The Ninth Circuit has not ruled on this issue in the context of an action by a trust fund to collect fringe benefit contributions from an employer.

In actions brought by employees seeking benefits under an ERISA plan, the Ninth Circuit has held that there is no "independent constitutional or statutory right to jury trial in ERISA actions." *Blau v. Del Monte Corp.*, 748 F.2d 1348, 1357 (9th Cir. 1984), *cert. denied*, 474 U.S. 865, 106 S.Ct. 183, 88 L.Ed.2d 152 (1985); *Nevill v. Shell Oil Co.*, 835 F.2d 209 (9th Cir.1987). Most of the circuits follow this principle in the context of employee benefit actions under ERISA. *Blau*, 748 F.2d at 1357.

However, the Seventh Circuit has ruled that there is a right to a jury trial in an action brought under both ERISA and LMRA to collect fringe benefit contributions. *Bugher v. Feightner*, 722 F.2d 1356 (7th Cir.1983), *cert. denied*, 469 U.S. 822, 105 S.Ct. 98, 83 L.Ed.2d 43 (1984). In *Bugher*, the court reasoned that an action to collect delinquent contributions under section 185(a) of the LMRA is akin to an action seeking legal damages for breach of contract. 722 F.2d at 1358. The court concluded that the fact that the parties in such a case also seek equitable relief under section 1132(a)(3) of ERISA does not sup-

plant the legal remedy provided by the LMRA, and thus the parties are entitled to a jury trial on the legal issues. *Id.* at 1360.

The *Bugher* court recognized a distinction between employee benefit claims brought solely under ERISA, in which there is no right to a jury trial, and employer contribution claims such as the present case. *Id.* The court emphasized that the right to a jury trial must be resolved on a case-by-case basis through an analysis of the rights and remedies being asserted. *Id.* at 1357–58.

Although the Ninth Circuit has not addressed this issue in the context of an employer contribution claim, it has recognized the distinction between employee benefit claims and employer contribution claims. In *Transamerica Occidental Life Ins. Co. v. DiGregorio,* 811 F.2d 1249 (9th Cir.1987), the court cited *Bugher* while discussing whether an ERISA action seeking a declaratory judgment was legal or equitable in nature:

> In some cases, actions by ERISA beneficiaries to recover benefits are equitable for jury trial purposes. But these cases involve pension suits against plan trustees, and their holdings turn on trust law rules under which such suits were previously heard in equity. In such cases, the question presented is whether the trustee's conduct or interpretation of his duties was arbitrary or capricious, a question traditionally for judges rather than juries. Where an ERISA action is not of this pension-trust type, these cases do not apply. *See Bugher v. Feightner,* 722 F.2d 1356, 1360 (7th Cir.1983), *cert. denied,* 469 U.S. 822, 105 S.Ct. 98, 83 L.Ed.2d 43 (1984). Here, no deference would be owing to Transamerica's construction of its own policy's terms. Furthermore, DiGregorio has a legal remedy against Transamerica for money immediately and unconditionally payable. As against Transamerica, defendant's claim for benefits sounds essentially in contract, not in trust. It is no less legal in nature simply because the policy was purchased pursuant to an ERISA plan.

811 F.2d at 1251–52 n. 2 (citations omitted). This language from *DiGregorio* suggests that the Ninth Circuit would follow *Bugher* if presented with the question in this case.

The Trust Fund relies on a recent decision of the Oregon Court of Appeals, which held without much analysis that an employer contribution claim was equitable in nature because it originated as a suit for an accounting. *Paddack v. L.W. Hembree Co.,* 93 Or.App. 593, 596, 763 P.2d 411 (1988). The *Paddack* decision does not cite any federal law, but relies only on Oregon cases. The court finds that *Paddack* does not correctly express federal law on this point, in light of *DiGregorio* and *Bugher.*

Therefore, the court finds that Pacific is entitled to a jury trial of the legal issues in this action. The motion to strike the jury trial is denied.

### 2. *Motion to Strike Equitable Defenses*

The Trust Funds move to strike the equitable affirmative defenses of estoppel and laches which are asserted by Pacific in its answer. Pacific contends that this motion is untimely and, moreover, that the defenses of estoppel and laches are available in actions under the LMRA and ERISA to collect delinquent trust fund contributions.

As to the contention that the motion to strike is untimely, it is true that the Trust Funds did not file this motion within the time provided by Fed.R.Civ.P. 12(f). However, a party has the right to challenge the legal sufficiency of a defense at any time. Therefore, the court will consider the merits of this motion.

The Ninth Circuit has allowed an employer to raise the defense of estoppel in an action to collect delinquent trust fund contributions. *Audit Services, Inc. v. Rolfson,* 641 F.2d 757, 762 (9th Cir.1981) (employer failed to prove facts establishing estoppel defense). The Ninth Circuit has reserved ruling on the question whether laches may be asserted in this type of action. *Id.*

The court will allow Pacific to present evidence regarding its equitable defenses

at trial. Any issues relating to such defenses will be determined by the court, and not the jury.

## CONCLUSION

The motion (# 60) of the Trust Funds is denied.