IRON WORKERS' LOCAL NO.
25 PENSION FUND, et al.,
Plaintiffs,

v.

KLASSIC SERVICES, INC., Defendant.

No. 94–74765.

United States District Court,
E.D. Michigan,
Southern Division.

Jan. 29, 1996.

Michael J. Asher, Sullivan, Ward, Bone, Tyler & Asher, P.C., Southfield, MI, for plaintiffs.

Stewart J. Katz, Keller, Thoma, Schwarze, Schwarze, DuBay & Katz, Detroit, MI, Douglas E. Kuthy, Farmington Hills, MI, for defendant.

## ORDER AFFIRMING MAGISTRATE JUDGE KOMIVES' DECEMBER 20, 1995 ORDER

O'MEARA, District Judge.

The court, pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, 28 U.S.C. § 636(b)(1)(A), and LR 72.1(d)(1) (E.D.Mich. Jan. 1, 1992), having reviewed Magistrate Judge Komives' December 20, 1995 order as well as Plaintiffs' December 29, 1995 appeal, finds that the order is not clearly erroneous or contrary to law.

Accordingly, it is hereby **ORDERED** that Magistrate Judge Komives' December 20, 1995 order is **AFFIRMED.**

It is further **ORDERED** that Defendant's motion to amend affirmative defenses is **GRANTED IN PART AND DENIED IN PART** as follows: Defendant may add the defenses of 1) fraud in the execution and 2) waiver, laches, unclean hands and equitable estoppel; Defendant may not add the defenses of 1) statute of limitations, 2) mitigation of damages, and 3) exhaustion of administrative remedies.

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO AMEND AFFIRMATIVE DEFENSES

KOMIVES, United States Magistrate Judge.

### I. Background

Plaintiffs filed an Employee Retirement Income Security Act (ERISA) action on November 23, 1994 seeking delinquent fringe benefits pursuant to 29 U.S.C. § 1145. On February 7, 1995 plaintiffs filed its first amended complaint. The law firm of Keller, Thoma, Schwarze, Schwarze, DuBay & Katz, P.C., was substituted as counsel on October 13, 1995.

Defendant filed a motion on October 31, 1995 to amend its affirmative defenses to include the following:

a. That plaintiffs' claims are barred, in whole or in part, since representatives of Local Union 25 fraudulently misrepresented to the President of Klassic Services, Inc., the duration of the con-

tractual commitments contained in the June 1, 1989 to May 31, 1992 collective bargaining agreement.

b. That plaintiffs' claims are barred, in whole or in part, by the statute of limitations applicable to claims seeking to enforce the failure to contribute to benefit funds pursuant to a collective bargaining agreement.

c. That plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, laches, unclean hands, and equitable estoppel.

d. That plaintiffs' claims are barred, in whole or in part, by its failure to mitigate damages.

e. That plaintiffs' claims are barred, in whole or in part, since it failed to exhaust its remedies under the collective bargaining agreement(s).[1]

Defendant generally argues that plaintiffs will not be unduly prejudiced by amending the affirmative defenses because the case is less than one year old and discovery is not complete. It also sets forth that it recently acquired new counsel.

Plaintiffs filed a response on November 22, 1995. Plaintiffs argue that the amendments should be denied because of unreasonable delay and prejudice and because they are futile. A hearing was held on November 29, 1995. Defendant filed a supplemental brief on December 8, 1995 alleging that the collective bargaining agreement is void because there was fraud in the execution. Plaintiffs' filed a reply on December 15, 1995 arguing that the statute of limitations has not expired and that defendant asserted fraud in the inducement rather than in the execution.

## II. Analysis

■ Amendment of pleadings is governed by Fed.R.Civ.P. 15(a), which provides in pertinent part: "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). Rule 15(a) provides for amendment of pleadings to enable a party to assert matters that were overlooked or were unknown at the time the original complaint or answer was interposed. 6 Charles A. Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure, Civil 2d § 1473 at 520 (1990). However, "if the proposed change is clearly frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend." *Id.* at 637.

### A. Fraud

■ Defendant argues that it is not liable for the allegedly delinquent contributions since the collective bargaining agreement was void. It asserts fraud in the execution because the representatives of the union fraudulently misrepresented to the President, Mr. Dirk Rinz, the duration of the contractual commitments contained in the collective bargaining agreement for June 1, 1989 to May 31, 1992. The union allegedly told Mr. Rinz that the collective bargaining agreement only covered work to be performed at the General Motors Buick Oldsmobile Cadillac plant in Lansing that was expected to last four days.

In response, plaintiffs argue that defendant has asserted a claim of fraud in the inducement and not execution. They contend there is no showing of excusable ignorance of the terms of the writing signed and that defendant is not claiming that it signed a document which was different than the document it intended to sign.

■ As both parties correctly put forward, fraud in the inducement is not a defense in an ERISA action. *Connors v. Fawn Mining Corp.,* 30 F.3d 483, 490 (3d Cir.1994); *Agathos v. Starlite Motel,* 977 F.2d 1500, 1505 (3d Cir.1992). An employer may not assert defects in the formation of the collective bargaining agreement, such as lack of majority support for the union, fraud in the inducement, oral promises to disregard the text of the agreement or that the union abandoned the collective bargaining agreement. *Agathos,* 977 F.2d at 1505 (citations omitted).

---

1. Plaintiffs originally sought to add a sixth affirmative defense, preemption under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. However, at the hearing on November 29, 1995 defendant withdrew this affirmative defense.

The *Agathos* Court found only three recognized defenses: (1) that the pension contributions were illegal, (2) that the collective bargaining agreement was void *ab initio* (fraud in the execution and not merely fraud in the inducement) and (3) that the employees have voted to decertify the union as its bargaining representative. *Id.* (citations omitted).

Accordingly, the issue is whether defendant seeks to allege a fraud in the execution defense. If defendant has not set forth a defense of fraud in the execution, then the proposed amendment should be denied because it would be futile.

In *Connors*, defendant Fawn Mining argued that it did not knowingly enter into an agreement to contribute to a specified fund; therefore it had asserted a defense of fraud in the execution and not in the inducement. *Connors*, 30 F.3d at 492. Fawn Mining was simply told that the agreement did not contain an obligation to contribute to a certain fund, when in actuality the agreement contained the provision. *Id.* The facts of this case resemble those in *Connors*. Defendant asserts that at the time it signed the collective bargaining agreement it was only provided with a signature page and not a complete copy. Additionally, the union representatives told Mr. Rinz, President of Klassic Services, that the agreement only covered work to be performed at a specific location for approximately four days. The union and Mr. Rinz did not make an oral modification. The union actually told Mr. Rinz that the agreement contained a certain provision which it did not contain. Defendant's motion to amend to add the defense of fraud in the execution is granted because it has sufficiently alleged facts that indicate adding this defense would not be futile.

### B. *Statute of Limitations*

■ Defendant argues that it should be allowed to amend its affirmative defenses to include a statute of limitations defense, arguing that the statute of limitations is one year. It claims that plaintiffs are seeking delinquent fringe benefits arising out of a collective bargaining agreement executed in June 1991. This lawsuit was filed November 23, 1994 and, defendant claims, the one year statute of limitations has run.

■ Plaintiffs contend that the statute of limitations for this action is six years and has therefore not run. They argue that the court should look to the most analogous state statute of limitations which, in their view, would be that for breach of contract (six years). Defendant argues that the Sixth Circuit has not ruled on whether the six year statute of limitations applies, and urges this Court to apply the one year statute of limitations.

Contrary to defendant's argument, I conclude that the statute of limitations for this action is six years and as such has not run. *See Michigan United Food v. Muir*, 992 F.2d 594 (6th Cir.1993); *see also Central States Southeast & Southwest Areas Pension Fund v. Kraftco*, 799 F.2d 1098, 1104–07 (6th Cir. 1986), *cert. denied*, 479 U.S. 1086, 107 S.Ct. 1291, 94 L.Ed.2d 147 (1987) (holding that the Tennessee six year statute of limitations for breach of contract applied to an ERISA action for delinquent pension contributions). In *Muir*, union pension and health and welfare benefit funds filed an ERISA action to collect delinquent contributions. *Muir*, 992 F.2d at 597. In determining whether the statute of limitations had run, the Sixth Circuit in *Muir* applied the applicable Michigan statute of limitations, Mich.Comp.Laws Ann. § 600.5807(8), which was six years. *Id.* Since the proper statute of limitations for this action is six years, defendant's motion to amend to add a statute of limitations defense is denied.

### C. *Waiver, Laches, Unclean Hands and Equitable Estoppel*

■ Defendant argues that amendments to add defenses of waiver, laches, unclean hands and equitable estoppel is proper because the collective bargaining agreement was repudiated through the parties' conduct and because the alleged failure to contribute occurred in 1990 and 1991 with regard to one four day project. Plaintiffs contend that equitable defenses and other traditional contract defenses are unavailable in suits brought under ERISA to collect delinquent trust fund contributions. In making this argument plaintiffs rely on *Connors v. Fawn*

*Mining Corp.,* 30 F.3d 483 (3d Cir.1994) and *Operating Engineers Pension Trust v. O'Dell,* 682 F.Supp. 1506 (D.C.Nev.1988).

These cases do not support plaintiffs' argument that equitable defenses such as waiver, laches, unclean hands and equitable estoppel are unavailable in ERISA actions to collect delinquent trust fund contributions. In *Connors,* union pension plans brought an ERISA action against Fawn Mining to collect delinquent contributions. *Connors,* 30 F.3d at 485. Fawn Mining argued that the union had fraudulently obtained the agreement under which the contributions were sought; it did not assert any equitable defenses. *Id.* at 489. The Third Circuit held that Fawn Mining's defense to the action was one of fraud in the execution, which, if proven, was valid, rather than fraud in the inducement, which was not a valid defense. *Id.* at 492.

Similarly, in *O'Dell,* employee pension plan trustees brought an action to recover trust fund contributions allegedly owed under a master labor agreement. *O'Dell,* 682 F.Supp. at 1507. Defendants asserted eight affirmative defenses including: (1) failure to allege sufficient facts upon which relief could be granted, (2) defendant was forced to hire an attorney, (3) statute of limitations, (4) laches, (5) waiver, (6) estoppel, (7) failure to mitigate damages and (8) ratification. *Id.* at 1516. The court dismissed the first defense as unfounded and concluded that the statute of limitations defense was not available because the statute of limitations was six years. In rejecting the other defenses the court stated:

> [t]he remainder of the affirmative defenses raised by O'Dell are either equitable defenses, or arise out of traditional contract law. It is well established that these particular defenses are unavailable under the LMRA and ERISA to collect delinquent trust fund contributions. See *Southwest Adm'rs, Inc. v. Rozay's Transfer,* 791 F.2d 769 (9th Cir.1986); *Southern Cal. Retail Clerks Union v. Bjorklund,* 728 F.2d 1262 (9th Cir.1984); *Audit Servs. v. Rolfson,* 641 F.2d 757 (9th Cir.1981).

*Id.* at 1516.

The three cases cited in *O'Dell* do not support the position that equitable defenses are unavailable under ERISA. In *Rozay's Transfer,* an employee benefit trust brought an ERISA action to recover allegedly delinquent trust fund contributions. *Rozay's Transfer,* 791 F.2d at 772. Rozay's Transfer contended that the Teamsters fraudulently induced it to execute the collective bargaining agreement, and thus it had no obligation to pay retroactive contributions. *Id.* It did not raise equitable defenses on appeal nor did the Ninth Circuit address whether equitable defenses were viable under ERISA. *Id.* at 773 (examining only the availability of contract defenses in a pension fund collection action). In *Bjorklund,* the trustees brought two suits to recover delinquent trust fund contributions required under a collective bargaining agreement. *Bjorklund,* 728 F.2d at 1264. Bjorklund argued that the grant of summary judgment by the district court was improper and that the collective bargaining agreement had been fraudulently induced by the union. *Id.* The Ninth Circuit held that fraud in the execution and not fraud in the inducement was a defense in this type of action; nowhere in the opinion did the court discuss the availability of equitable defenses. *Id.* at 1265–66. In *Rolfson,* an assignee of union trust funds brought an action to recover contributions required under a collective bargaining agreement. *Rolfson,* 641 F.2d at 759–60. The Ninth Circuit examined whether the equitable defenses of estoppel and laches could be asserted in the action. *Id.* at 761. The court addressed the merits of the estoppel defense and concluded that it was not appropriate in this case. *Id.* at 762. As to the laches defense, the court stated "[w]hile we are not certain that the doctrine is applicable to union trust fund recovery actions we are satisfied that the facts here would not support a finding of laches in any event." *Id.* at 763.

Moreover, the United States District Court for the District of Oregon has cited *Rolfson* in allowing a party to raise the equitable defenses of estoppel and laches. *Oregon Laborers–Employers Trust Funds v. Pacific Fence and Wire Co.,* 726 F.Supp. 786, 788–89 (D.Or.1989). The court stated "[t]he Ninth Circuit has allowed an employer to raise the defense of estoppel in an action to collect

delinquent trust fund contributions." *Oregon Laborers–Employers,* 726 F.Supp. at 788.

Plaintiffs do not put forward conclusive authority to support their position that defendant may not raise equitable defenses. Further, there is authority which supports defendant's desire to advance equitable defenses. Since amendments to pleadings are to be freely granted, defendant will be allowed to amend its affirmative defenses to include waiver, laches, unclean hands and equitable estoppel.

### D. *Mitigation of Damages*

█ Defendant argues that plaintiffs failed to mitigate their damages. Plaintiffs claim that there is no duty to mitigate damages in an ERISA action to collect delinquent fringe benefits. They argue that this is a traditional common law/contract law defense which is not applicable here. Defendant does not cite authority supporting its amendment and the authority cited by plaintiffs, *Connors, supra* and *O'Dell, supra,* does not directly support their position.[2]

█ I fail to see how the duty to mitigate damages would apply in this case. The duty to mitigate damages prevents a party who has been wronged by a breach of contract to accumulate damages by sitting idle. Calamari & Perrillo, Contracts § 14–15, at 610 (3d ed. 1987). This duty does not permit a party to recover from a wrongdoer those damages which he could have avoided without undue risk, burden or humiliation. *Id.* Defendant has not alleged how the plaintiffs could have avoided the accumulation of damages. I find that allowing the amendment of the answer to add this defense is futile. The motion to amend is denied.

---

**2.** The courts have generally stated that section 515 of ERISA, 29 U.S.C. § 1145, limited the defenses available to employers. *Connors,* 30 F.3d at 490; *O'Dell,* 682 F.Supp. at 1516. Section 515 provides:

Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

### E. *Failure to Exhaust Remedies*

█ Finally, defendant claims that plaintiffs have failed to exhaust administrative remedies with respect to the collective bargaining agreement. It argues that the agreement addresses fringe benefits and the pursuit of delinquent funds. On the other hand, plaintiffs contend that they are pursuing the remedies expressly set forth under the collective bargaining agreement.

Article 34 of the collective bargaining agreement, entitled "Settlement of Disputes," addresses the procedures that can be taken when the employer is delinquent in its fund contributions. Section 5 of the Article 34 states:

Notwithstanding anything herein-contained to the contrary, it is agreed that in the event any Employer shall be delinquent at the end of a period, in the payment of his contribution to the Fringe Benefit Funds, in accordance with the rules and regulations of the trustees of such funds, the Employees or their representatives after the proper official of the local Union shall have given twenty-four (24) hours' notice to Employer of such delinquency in said Fringe Benefit Funds shall have the right to take such action as they deem necessary until such delinquent payments are made, and it is further agreed that in the event such action is taken, the Employer shall be responsible to all affected Employees for any losses resulting therefrom. The Trustees of the respective Trust Fund shall have the further right to take such legal action against the delinquent Employer as in their discretion may be advisable or necessary to make collection thereof for the particular Trust Fund.

---

29 U.S.C. § 1145. The courts have interpreted section 515 as precluding employers from raising a variety of contract defenses as a means of avoiding the obligation to contribute to the employee benefit plan. *Connors,* 30 F.3d at 490; *O'Dell,* 682 F.Supp. at 1516. However, the defenses addressed by the courts in *Connors* and *O'Dell* apply to defects in the formation of the collective bargaining agreement and not the union's or trustee's failure to mitigate damages.

Article 34, section 5 of the 1989–1992 Iron Workers' Agreement. This section does not require the plaintiffs to take any different procedures. Plaintiffs are correct in their argument that they are pursuing those remedies set forth in the agreement, and therefore defendant's motion to amend to add failure to exhaust administrative remedies is denied.

### III.  Order

In view of the foregoing, defendant's motion to amend affirmative defenses is GRANTED IN PART AND DENIED IN PART. Defendant may add the following defenses: (1) fraud in the execution and (2) waiver, laches, unclean hands and equitable estoppel. Defendant may not add the following defenses: (1) statute of limitations, (2) mitigation of damages and (3) exhaustion of administrative remedies.

The attention of the parties is drawn to Fed.R.Civ.P. 72(a), which provides a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: Dec. 20, 1995